

# Fourth Court of Appeals
## San Antonio, Texas

December 14, 2015

No. 04-15-00344-CR

Juan Ruben Sanchez **CERDA,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 14-CRS-372
Honorable J.R. "Bobby" Flores, Judge Presiding

# O R D E R

Appellant's brief was originally due September 11, 2015, but it was not filed. This court notified appellant's retained attorney, Jesus Maria "Chuy" Alvarez, of the deficiency by letter on September 17. *See* TEX. R. APP. P. 38.8(b)(2).  Although our letter required the brief or a motion for extension of time be filed by September 27, no response was filed.  On October 6, after a telephone call from the clerk of this court, Alvarez filed a motion for extension of time to file the brief.  We granted the motion and ordered Alvarez to file appellant's brief by November 10, 2015.  Neither the brief nor a motion for extension of time was filed by the date ordered.

On November 20, 2015, we abated this appeal and remanded it to the trial court to conduct a hearing to determine whether appellant still desires to prosecute his appeal and whether counsel has abandoned the appeal.  On December 4, appellant appeared in person and through counsel and presented evidence on these issues. After hearing the evidence, the trial court forwarded a transcript of the hearing and its findings of fact and conclusions of law to this court.  The trial court found that appellant still desires to prosecute this appeal and that counsel has not abandoned the appeal.  The trial court further found that counsel has not prepared a brief because was under the incorrect impression that copies of the clerk's and reporter's records would be served on him when they were filed with this court. Because no copy of the record was served on him, counsel had not begun preparation of the brief.

On November 30, 2015, counsel made a written request for a copy of the record to the clerk of this court and a copy was sent to him.[1] The reporter's record of the hearing in the trial court reflects that counsel had received the record at the time of the hearing.

We **reinstate** this appeal on the docket of the court. We **order Jesus Maria "Chuy" Alvarez** to file the appellant's brief in this appeal no later than **January 18, 2016**.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of December, 2015.

_____
Keith E. Hottle
Clerk of Court

---

[1] A copy of the record should have been available from the trial court clerk for counsel to review upon request. In criminal cases, the clerk and the court reporter are required to make duplicate copies of the record to be retained by the trial court clerk for use by the parties. Tex. R. App. P. 34.5(h); 34.6(h).